FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------X
MICHAEL THOMAS,

                Plaintiff,        MEMORANDUM & ORDER

    - against -             10-cv-2041 (KAM)(LB)

NEWS & COMICS, INC.,

                Defendant.
------------------X
NEWS & COMICS, INC.,

                Third-Party Plaintiff,

    - against -

SB NEW YORK, INC.,

               Third-Party Defendant.
------------------X

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

        *Pro se* plaintiff filed the instant action on May 4, 2010. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice.

                      BACKGROUND

        On May 4, 2010, plaintiff Michael Thomas ("plaintiff") commenced this *pro se* action against his former employer, periodical distributor News & Comics, Inc. ("N&C" or "defendant"), alleging that N&C discriminated against him on the basis of his race in violation of Title VII of the Civil Rights

1

Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, by subjecting him to unequal terms and conditions of employment and terminating his employment due to his race. (*See generally* ECF No. 1, Complaint ("Compl.").)

On December 10, 2010, N&C filed a third-party complaint against SB New York, Inc. ("SB New York" or "third-party defendant"), a publisher for which N&C distributes free daily newspapers. (*See* ECF No. 18, Third-Party Complaint by News & Comics, Inc. ("N&C Compl.") ¶¶ 3-5.) N&C sought indemnification and contribution from SB New York on grounds that "N&C's decision to discontinue [plaintiff's] employment . . . was directly, entirely and purely a result and function of the decision [SB New York] had made to discontinue operation of the distribution site where [plaintiff] had been assigned." (N&C Compl. ¶¶ 10, 12-19.)

Although this action commenced more than twenty-one months ago, it has made remarkably little progress toward resolution. The docket reflects plaintiff's multiple failures to appear at scheduled conferences and proceedings. (*See* ECF No. 15, Order dated 11/3/2010; ECF No. 26, Order dated 2/15/2011; Minute Entry dated 4/14/2011.)

On March 22, 2011, in accordance with the undersigned's chamber practices, N&C filed a letter requesting a pre-motion conference to discuss its proposed motion for summary

judgment. (ECF No. 27, Motion for Pre-Motion Conference by N&C.) On March 23, 2011, SB New York joined in N&C's application for a pre-motion conference. (*See* ECF No. 28, Motion for Pre-Motion Conference by SB New York.) Plaintiff did not submit a letter in opposition to those motions for a pre-motion conference.

On April 4, 2011, the court directed all parties to participate in a telephonic pre-motion conference on April 14, 2011, and ordered counsel for N&C to serve a copy of the court's scheduling order on plaintiff. (*See* Order dated 4/4/2011.) the docket reflects that N&C served on plaintiff a copy of the court's order on April 4, 2011. (*See* ECF No. 29, Declaration of Service, dated 4/4/2011.) In addition, on numerous occasions before the pre-motion conference, counsel for N&C attempted to inform plaintiff about the conference by telephoning the number he provided at his February 25, 2011 deposition, but an answering service indicated that the number was no longer in service. (*See* Minute Entry and Order dated 4/14/2011.)

Despite several attempts to contact plaintiff via mail and telephone, plaintiff did not appear during the ensuing pre-motion conference. (*Id.*) During the pre-motion conference, the court adopted the following briefing schedule for defendant's and third-party defendant's respective motions for summary judgment: N&C and SB New York were to serve their moving papers

by May 6, 2011; opposition papers were to be served by June 3, 2011; and replies were to be served, and the fully briefed motion filed on the Electronic Case Filing ("ECF") System, by June 17, 2011. (*Id.*) Two days later, on April 16, 2011, N&C served plaintiff with a copy of the court's April 14, 2011 Minute Entry and Order. (*See* ECF No. 30, Declaration of Service, dated 4/16/2011.)

N&C and SB New York timely filed their motions for summary judgment by June 17, 2011. (*See* ECF Nos. 32-37, Motions for Summary Judgment and Memoranda in Support by N&C and SB New York.) By separate letters, both dated June 17, 2011, SB New York and N&C advised the court that plaintiff did not submit any papers in opposition to their respective motions for summary judgment. (*See* ECF No. 38, Letter by SB New York; ECF No. 39, Letter by N&C.)

On June 20, 2011, the court determined that, based on submissions and declarations of service submitted by N&C and SB New York, it was unclear whether either defendant or third-party defendant fully complied with the requirements of Local Civil Rule 56.2. (*See* Order dated 6/20/2011.) Consequently, the court directed the parties to re-serve plaintiff with all motion papers in compliance with Local Civil Rule 56.2 by June 24, 2011, and file proof of such service on ECF. (*Id.*) The court also ordered that, "[i]f plaintiff is re-served in compliance

with Local Civil Rule 56.2, the briefing schedule will be extended as follows: (1) plaintiff shall have until 7/22/2011 to serve any opposition papers on defendant and third-party defendant; and (2) defendant and third-party defendant shall serve any replies, and file the remaining motion papers on ECF, by 7/29/2011." (*Id.*) The next day, on June 21, 2011, N&C served a copy of the court's June 20, 2011 order on plaintiff and filed a certificate of service on ECF. (*See* ECF No. 40, Declaration of Service, dated 4/21/2011.)

N&C timely re-served plaintiff with all motion papers in compliance with Local Civil Rule 56.2 by June 24, 2011, in accordance with the court's order. (*See* ECF No. 42, Declaration of Service, dated 6/22/2011.) SB New York re-served plaintiff with its motion papers on June 22, 2011, but appears to have failed, once again, to fully comply with Local Civil Rule 56.2, as SB New York's Declaration of Service does not indicate that SB New York served a copy of Federal Rule of Civil Procedure 56 or Local Civil Rule 56.1 on plaintiff.[1] (*See* ECF No. 41, Declaration of Service, dated 6/22/2011.)

---

[1] In its June 20, 2011 Order, the court warned that if defendant or third-party defendant failed to re-serve its motion for summary judgment in compliance with Local Civil Rule 56.2, the court could deny the relevant motion. (*See* Order dated 6/20/2011.) The court is perplexed as to why SB New York failed to comply with Local Civil Rule 56.2 even after the court explicitly described the deficiencies in SB New York's initial proof of service (*see id.*), and admonishes counsel for third-party defendant that all of the court's orders are to be strictly adhered to. Despite SB New York's inexplicable failure to obey the court's order, however, the court will

5

By separate letters, both dated August 1, 2011, SB New York and N&C advised the court that plaintiff did not submit any papers in opposition to their respective, re-served motions for summary judgment. (*See* ECF No. 43, Letter by SB New York; ECF No. 45, Letter by N&C.) On October 11, 2011, having observed that over seven months had passed since plaintiff's last activity in this action, the court issued the following order:

> ORDER TO SHOW CAUSE. The plaintiff is hereby ordered to show cause in writing no later than 10/25/2011 why his case should not be dismissed for failure to prosecute and/or for the reasons set forth in the defendant's motion for summary judgment. If the plaintiff fails to show cause in writing by 10/25/2011, the Court is likely to dismiss this action. Defendant shall serve the plaintiff with a copy of this order and file a declaration of service by 10/12/2011. Ordered by Judge Kiyo A. Matsumoto on 10/11/2011. (Chang, Emily) (Entered: 10/11/2011)

N&C served plaintiff with a copy of this order on October 11, 2011. (*See* ECF No. 46, Declaration of Service, dated 10/11/2011.) Plaintiff did not respond to the Order to Show Cause.

## **STANDARD**

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d

---

dismiss this action with prejudice due to plaintiff's failure to prosecute this action for the reasons stated below.

Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with

7

no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has neither advanced his claims nor opposed the motions for summary judgment filed by N&C and SB New York.[2] Instead, plaintiff allowed his case to lie dormant with no activity on his part since his appearance at a deposition scheduled approximately one year ago in February 2011. That length of time is sufficient to justify dismissal. *See e.g., Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, plaintiff was given notice that further inactivity could lead to dismissal based on the unopposed motions for summary judgment and for failure to prosecute; the court specifically ordered plaintiff to show cause why his complaint should not be dismissed for failure to prosecute on October 11, 2011 but he failed to respond. (*See* Order dated 10/11/2011.) Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice a defendant. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth,

---

[2] Moreover, plaintiff failed to appear at court conferences on November 3, 2010 and April 14, 2011. (*See* ECF No. 15, Order dated 11/3/2010; Minute Entry dated 4/14/2011.)

8

this dormant case has remained on the court's docket with no indication that plaintiff will move it forward in the future. Finally, no lesser sanction than dismissal is likely to be effective in light of repeated plaintiff's failures to respond to the defendant and third-party defendant's motions for summary judgment and to the court's orders directing plaintiff to take action or face dismissal of his action.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice. N&C's third-party complaint against SB New York is also dismissed as it was predicated on claims of indemnification and contribution in the event N&C was found liable to plaintiff. Counsel for N&C is respectfully requested to serve a copy of this Memorandum and Order on pro se plaintiff and file a declaration of service on the docket. Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The Clerk of Court is respectfully requested to enter judgment dismissing this action and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
February 13, 2012

/S/

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York